

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

AUG 01 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| DAVID PRICE, | § | |
| Petitioner, | § | |
| V. | § | CASE NUMBER |
| UNITED STATES OF | § | 20 C 1184 |
| AMERICA, | § | |
| Respondent. | § | |

MOTION FOR RELIEF OF JUDGMENT AND/OR COURT ORDER

UNDER FEDERAL RULES OF CIVIL PROCEDURES RULE 60(B)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, David Price (hereinafter "Petitioner"), and hereby through PRO SE, files this Motion for Relief of Judgment and/or Court Order under Federal Rules of Civil Procedures Rule 60 (B)(6), and in support thereof, would respectfully show this Honorable Court as follows:

I.     INTRODUCTION

In support of the foregoing Motion, Petitioner will first of all inform this Honorable Court that he is unskilled and is therefore being assisted by a Friend who is indeed filing this Motion as **NEXT OF FRIEND**. Hence, both the Friend "Mr. Vicente Garcia," and Petitioner herein, are both layman at the Profession of Law, and would therefore ask that this Court recognize the standards set forth by the United States Supreme Court in

**HAINES v. KERNER**, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and in doing so, NOT hold Petitioner herein to the rigid standards of a Professional Legal Litigator.

## II. PROCEDURAL BACKGROUND

In July 2012, Petitioner was indicted for various offenses related to his participation in a drug conspiracy. In July 2013, the Government filed a superseding indictment that included the following counts: (1) one count of conspiring "to knowingly and intentionally possess with intent to distribute" one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 846; (2) two counts of knowingly and intentionally using a telephone "in committing and in causing and facilitating the commission of a felony"; (3) one count of "conspir[ing] with others to conduct financial transactions affecting interstate commerce, the proceeds being from unlawful activity, knowing that the transactions were designed to conceal and disguise the proceeds"; (4) nine counts of money laundering; and (5) one count of being a felon in possession of a firearm. Petitioner entered a plea of **not** guilty and proceeded to a jury trial in March 2014. Six days into the trial, on the Government's motion, the Court dismissed one of the two telephone charges against Petitioner. On March 12, 2014, a jury convicted Petitioner of all remaining charges. In October 2017, the Court sentenced Petitioner to thirty-seven years' incarceration.

Petitioner thereafter, filed an Appeal, which was later affirmed. And Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, pursuant to violations of his **Sixth Amendment,** but this Honorable Court **[FAILED]** to

**NOTIFY** Petitioner. Thus, Petitioner has now been **PREJUDICED and PRECLUDED** from timely Appealing his **SIXTH AMENDMENT issues** raised in his § 2255 Motion.

Petitioner now moves this Honorable Court, to Grant him this Motion so that he may timely file his **NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY.**

### III. REASONS FOR GRANTING MOTION

Petitioner herein, moves this Honorable Court to Grant this Motion and permit him to have an **OUT-OF-TIME-APPEAL**. Petitioner was never informed by this Honorable Court's Clerk's Office, that his Motion had been denied. Petitioner was **[never]** provided with a copy of the Court's Order and the **CORONAVIRUS proceedings** inside prison, have not been helpful for Petitioner.

Petitioner fully understands that the timely filing of a notice of appeal is "mandatory and jurisdictional." **BROWDER v. DIRECTOR, DEPARTMENT OF CORRECTIONS OF ILLINOIS**, 434 U.S. 257, 264, 54 L.Ed.2d 521, 98 S.Ct. 556 (1978). In **civil judgments** where the Government is a party (as here), the appeal must be filed within **sixty days. Fed. R. App. P. 4(a).** However, upon a showing of either excusable neglect or good cause, this Honorable Court may extend the time to an additional timing that may permit the Petitioner to file an appeal.

This Honorable Court has the discretion to vacate and reissue the July 7, 2021 Order, so that a timely appeal can be taken.

In support, Petitioner relies on **EXPEDITIONS UNLIMITED AQUATIC ENTERPRISES, INC. v. SMITHSONIAN INSTITUTE,** 163 U.S. App. D.C. 140, 500 F.2d 808 (D.C. Cir. 1974) (per curiam). In **EXPEDITIONS UNLIMITED**, neither party discovered the entry of the court's summary judgment until ten months later. The appellants then filed a motion to vacate the judgment under **Fed. R. Civ. P. 60(b)**, and asked that the judgment be reentered so that an appeal could be taken. The district court denied the motion, but the Court of Appeals for the District of Columbia reversed. Id. at 810. The court acknowledged that according to **Fed. R. Civ. P. 77(d),** the clerk's failure to notify a party will not guarantee a finding of "excusable neglect." **However, the opinion reasoned that so long as the winning party was not prejudiced by the appeal, the judgment could be vacated under Fed. R. Civ. P. 60(b).** Id.

Other courts have **similarly** held that **RULE 60(b)** may be used to circumvent the otherwise harsh results of denying an **OUT-OF-TIME APPEAL**. In **RODGERS v. WATT**, 722 F.2d 456 (9th Cir. 1983) (en banc), for example, the Ninth Circuit upheld the use of **RULE 60(b)** for cases in which the following applied:

> (1) absence of Rule 77(d) notice; (2) lack of prejudice to respondent; (3) prompt filing of a motion after actual notice; and (4) due diligence, or reason for lack thereof, by counsel in attempting to be informed of the date of the decision. **RODGERS**, 722 F.2d at 460. See also **FIDELITY & DEPOSIT COMPANY OF MARYLAND**, 523 F.2d at 751 (where neither party had notice, counsel had been diligent throughout protracted litigation, and there was no prejudice to either side, the judgment could be vacated and reentered under **60(b)**; **BUCKEYE CELLULOSE CORPORATION v. BRAGGS ELECTRIC CONSTRUCTION COMPANY,** 569 F.2d 1036 (8th Cir. 1978) (per curiam); **WALLACE v. McMANUS**, 776 F.2d 915 (10th Cir. 1985) (per curiam); **HARNISH v. MANATEE COUNTY**, 783 F.2d 1535, 1537-1538 (11th Cir. 1986).

Hence, this Honorable Court should GRANT this Motion and award Petitioner an **OUT-OF-TIME APPEAL** to permit him to have the chance to bring his **SIXTH AMENDMENT CLAIMS** to the Honorable Court of Appeals for the Seventh Circuit. This Honorable Court is not required to engage in de novo resentencing, but may instead vacate the initial § 2255 denial and summarily re-instate the earlier judgment **except for the date of entry.**

## CONCLUSION

**WHEREFORE,** based on the aforementioned, this Honorable Court should GRANT this **RULE 60(b) Motion** and permit Petitioner the opportunity to **File His Notice of Appeal and Certificate of Appealability.**

Moreover, Petitioner prays that this Honorable Court GRANT all further RELIEF to which he may be entitled to in this proceeding.

Respectfully submitted,

s/

_____
DAVID PRICE
*Vicente Garcia*
VICENTE GARCIA (NEXT OF FRIEND)
REG. NO. 43509-279
U.S. PENITENTIARY
P.O. BOX 1000
LEAVENWORTH, KS 66048

## CERTIFICATE OF SERVICE

I, Vicente Garcia, hereby certify that I have forwarded a true and correct copy of the foregoing instrument by the method

indicated to all counsel of record listed below on the 5th day of July, 2022.

(U.S. FIRST CLASS MAIL)

U.S. ATTORNEY
210 SOUTH DEARBORN STREET
CHICAGO, IL 60604

I declare under penalty of perjury pursuant to the laws of the United States, Title 28 U.S.C. § 1746, that the foregoing is true and correct.

*/s/ Vicente Garcia*
VICENTE GARCIA
NEXT OF FRIEND OF DAVID PRICE

VICENTE GARCIA
REG. NO. 43509-279
U.S. PENITENTIARY
P.O. BOX 1000
LEAVENWORTH, KS 66048

THOMAS G. BRUTON
U.S. DISTRICT CLERK
U.S. DISTRICT COURTHOUSE
219 SOUTH DEARBORN STREET
CHICAGO, IL 60604

JULY 5, 2022

RE: **DAVID PRICE v. UNITED STATES**, No. 20 C 1184; MOTION FOR RELIEF OF JUDGMENT AND/OR COURT ORDER UNDER FEDERAL RULES OF CIVIL PROCEDURES RULE 60(b)(6)

Dear Honorable Clerk:

Enclosed with this letter, please receive the above mention Motion of **DAVID PRICE**. Please know that I am herein filing this Motion on his behalf as **NEXT OF FRIEND**. Hence, your assistance in filing this Motion within the proper Honorable Court will be greatly appreciated.

Moreover, I would appreciate your assistance if you could please **FILED/RECEIVED STAMP** the extra copy and in mailing it back in the enclosed Pre-Paid envelope for my records. Your assistance in this important matter will be greatly appreciated. Thank you and GOD bless you.

Sincerely requested,

*Vicente Garcia*
Vicente Garcia (NEXT OF FRIEND)

CC: U.S. ATTORNEY

VICENTE GARCIA
REG. NO. 43509-279
U.S. PENITENTIARY
P.O. BOX 1000
LEAVENWORTH, KS 66048

CERTIFIED MAIL
7001 0320 0005 5879 2784

SPECIAL LEGAL MAIL

08/01/2022-2

THOMAS G. BRUTON
U.S DISTRICT CLERK
U.S. DISTRICT COURTHOUSE
219 SOUTH DEARBORN STREET
CHICAGO, IL 60604

U.S. POSTAGE PAID
FCM LG ENV
LEAVENWORTH, KS
66048
JUL 08, 22
AMOUNT
$0.00
R2305E125436-25

RECEIVED JUL 07 2022

RECEIVED
2022 AUG -1 AM 9:04

P.O. Box 1000
Leavenworth, KS 66048
Date

The enclosed letter was processed through special mailing procedures or forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem which facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee please return the enclosure to the above address.